## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No: 1:22-cv-22051-KMM

HAMMOCKS COMMUNITY
ASSOCIATION, INC.

    Plaintiff,

v.

STATE OF FLORIDA, OFFICE OF THE
STATE ATTORNEY, ELEVENTH
JUDICIAL CIRCUIT

    Defendant.

_____/

## **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

DEFENDANT, the State of Florida, Office of the State Attorney, Eleventh Judicial Circuit ("SAO"), files this Reply in Support of its Motion to Dismiss (ECF No. 6), which raised several jurisdictional and immunity defenses. Plaintiff's Response (ECF No. 11) to Defendant's Motion to Dismiss cites incorrect legal standards and introduces factual allegations that are nowhere in the pleadings – all of which makes clear that Plaintiff cannot overcome the defenses raised in the Motion to Dismiss and, as such, Defendant is entitled to dismissal of this case.

As an initial matter, Plaintiff cites the incorrect standard for motions to dismiss brought under Rule 12(b)(6), Fed. R. Civ. P. Defendant is not required to demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Response (ECF No. 11), at 6, citing *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Instead, a complaint warrants dismissal under Rule 12(b)(6) unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible on its face if the facts alleged allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.,* citing *Bell Atl. Corp.*, 550 U.S. at 556. It is Plaintiff's obligation "to provide the 'grounds'" entitling it to relief and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555, citations omitted. In a footnote in its Response, Plaintiff claims that "[t]his case is much more complexed [sic] than what is stated in the Complaint," and requests an opportunity to amend its pleading. Response (ECF No. 11), at 2 n.1. Even if the Plaintiff is granted permission to do so, Plaintiff will not be able to overcome the immunity and other defenses raised by the Defendant. The Defendant SAO is entitled to dismissal.

**A. <u>Dismissal is required because Plaintiff has not named a defendant who can be sued under Section 1983</u>**

Plaintiff's Response fails to address Defendant's argument that because Plaintiff has not named a specific person as a defendant and instead is suing the "State of Florida, Office of the State Attorney, Eleventh Judicial Circuit," dismissal of this Section 1983 suit is required because a state is not a person within the meaning of § 1983. Plaintiff's failure to address this argument represents that Plaintiff has conceded that point, and no amendment to the allegations will fix this fatal defect.

Plaintiff's citation to the recent decision in *Nance v. Ward*, ___ U.S. ___, 142 S. Ct. 2214 (2022), for the proposition that Section 1983 "broadly authorizes suits against state officials" is of no relevance here. In that case, the Supreme Court determined that a death-row inmate could use Section 1983 to challenge his claim that Georgia's method of execution was unconstitutional. The case was reversed because the federal appellate court had determined incorrectly that the challenge should have been brought as a habeas petition rather than a Section 1983 suit. The

holding has no bearing on the present case, where Plaintiff has failed to identify a "state official" to be sued under Section 1983. Dismissal is required.

    B. **Plaintiff's Complaint improperly seeks to have this Court determine the merits of the subpoenas already issued by the Defendant SAO, which is contrary to the protection afforded to the Defendant by the Eleventh Amendment**

It is evident that Plaintiff is attempting to thwart the Defendant SAO's investigation of Plaintiff's records. Plaintiff describes the "frivolity" of the criminal charges brought against the former President of Plaintiff by the SAO. Response (ECF No. 11), at 3. In its Response Plaintiff goes so far as to include – without citation to a specific document and clearly far beyond what was in the Complaint – an allegation that Plaintiff's former President had "received numerous death threats" (none of which, of course, were from the Defendant). Response, at 1. Plaintiff's Response also includes what purports to be an excerpt from a recent deposition of a witness in a federal case. None of this information was in the pleading and is therefore not before the Court at this time. In any event, none of these new factual allegations would change the application in this case of the immunity granted to the Defendant by the Eleventh Amendment.

Plaintiff claims to be seeking only prospective injunctive relief, but Plaintiff is complaining about subpoenas issued and served long ago. The *subpoenas duces tecum* ("SDT") at issue in this case were served on the Plaintiff in November 2018 (SDT 18-460), Complaint (ECF No. 1), ¶ 52; March 2020 (SDT 20-173), *id.*, ¶ 98; and June 2021 (SDT 21-487), *id.*, ¶ 103. This case was filed more than one year after the last SDT was served, and the case was filed several months after the Third District Court of Appeal dismissed Plaintiff's petition seeking relief from what Plaintiff claimed was a burdensome document production related to the most recent of the SDTs.

According to Plaintiff, the mere fact that Plaintiff is now complaining about the service of SDTs four years, two years and one year ago is enough to show that the alleged constitutional violation is "ongoing and continuous" and there is a threat of "future enforcement of the subpoenas which may be remedied by the prospective relief requested in this suit." Response (ECF No. 11), at 7. "[T]he fact that Hammocks now seeks injunctive relief through this action undoubtedly illustrates that the constitutional violation is 'ongoing and continuous.'" *Id.* That is not the standard; if that was the standard, a plaintiff could conjure up a constitutional violation whenever it wanted as long as the Plaintiff "sought injunctive relief" for the alleged violation.

Under the *Ex Parte Young* doctrine, Plaintiff must demonstrate "ongoing and continuous violations of federal law," *Summit Med. Associates, P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999), which it has failed to do here. The basis for this lawsuit was the mere issuance and service of the subpoenas, Complaint, ¶ 114 (Count I: civil rights deprivation), ¶ 121 (Count II: declaratory relief that Fla. Stat.§ 27.04 is unconstitutional as applied), ¶ 130 (Count III: injunctive relief), and Plaintiff's attempt to re-write its pleading now to allege that it faces a threat of future enforcement must be rejected.

Plaintiff never alleged that there is a specific effort to enforce those subpoenas and, thus, Plaintiff cannot support its claim for prospective injunctive relief, which would be the only type of relief available against the Defendant according to the Eleventh Amendment. Accordingly, Defendant is entitled to dismissal of this case under Rule 12(b)(1), Fed. R. Civ. P. "[W]here an arm of the state is entitled to sovereign immunity, a district court may dismiss without prejudice a § 1983 action for lack of subject matter jurisdiction." *Hatcher v. Alabama Dep't of Human Servs.*, 747 F. App'x 778, 783 (11th Cir. 2018) (citations omitted).

C. **Plaintiff's request that the Court engage in federal oversight of the state court's actions should be rejected**

In its Response, Plaintiff claims that it is "asking this Court to decide whether the number of documents requested by the SAO violates the Constitution." Response, at 9. According to the Plaintiff, the state court ruling as to whether the monetary cost of complying with the required document production amounts to irreparable harm is "irrelevant." *Id.* In responding to Defendant's argument that the *Younger* abstention doctrine, as set forth in *Younger v. Harris*, 401 U.S. 37 (1971), applies, Plaintiff argues that it does not. According to Plaintiff, the existence of the state court proceedings relating to these SDTs "'does not warrant abstention in federal court, *unless the requested federal relief would result in meticulous and burdensome federal oversight of state court or court-like functions*.'" Response, at 11 (emphasis added), quoting *Wexler v. Lepore*, 385 F.3d 1336, 1339-40 (11th Cir. 2004). In *Wexler*, the Eleventh Circuit noted that the *Younger* doctrine "usually applies in cases involving criminal prosecution or the criminal justice system," and can also apply to "pending civil proceedings that are 'akin to a criminal prosecution.'" *Id.*, at 1339, citations omitted.

In the present case, Plaintiff wants this Court to review three SDTs, involving what Plaintiff claims are unreasonably broad requests for documents. According to Plaintiff's Response, the "unreasonable breadth" of the SDTs requires Plaintiff to "participate in ongoing and continuous production of thousands [of] documents with no specificity in violation of the Fourth Amendment." Response, at 7. Plaintiff apparently wants this Court to move that production effort, involving hundreds of thousands of documents (according to Plaintiff) to federal court for supervision. That is contrary to the principles of the *Younger* doctrine.

As Defendant argued in its Motion to Dismiss, the circumstances that render abstention appropriate include those in which there is an ongoing "state civil proceeding involving an order that is 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'"

*Dandar v. Church of Scientology Flag Serv. Organization, Inc.*, 619 F. App'x 945, 947 (11th Cir. 2015). The SDTs being challenged in this case were issued in the state court proceedings and at least the most recent SDT has been the specific subject of state court orders and, thus, is in furtherance of the state court's ability to perform its judicial functions. The Court should reject Plaintiff's invitation to engage in the burdensome oversight of state court functions, and dismiss this case.

Moreover, in its Response Plaintiff fails to show it has met its burden to establish that the ongoing state court proceedings do not provide an adequate opportunity to raise and vindicate its claims. As argued in the Motion to Dismiss, the SDTs were issued pursuant to the Defendant SAO's authority under Fla. Stat. § 27.04, and the subpoenas could be challenged pursuant to the provisions of Rule 1.410(c), Fla. R. Civ. P. Defendant is entitled to dismissal because Plaintiff can raise any concerns regarding these SDTs with the state court.

D. **Plaintiff has not stated a basis for injunctive relief and has abandoned any other claim**

For similar reasons as discussed above as to Eleventh Amendment immunity, Plaintiff has failed to state a basis for injunctive relief. As argued in Defendant's Motion to Dismiss, courts have held that injunctive relief should be used sparingly and only in clear and plain cases. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 378 (1976). Plaintiffs "must contend with the 'well-established rule that Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs.'" *Id.* (citation omitted). Here, Plaintiff will never be able to plausibly state that it lacks an adequate remedy at law in state court for the alleged violation of its civil rights by the issuance of these subpoenas. Plaintiff's attempt to shield all of its financial records from disclosure in response to statutorily authorized investigatory SDTs should be rejected.

In addition, because Plaintiff has failed to identify a proper party for a Section 1983 suit, Plaintiff cannot demonstrate that it has a basis for injunctive relief. (Plaintiff cited the standard for obtaining a preliminary injunction in its Response, at 15, which does not apply here because Plaintiff is not seeking that type of relief.)

Finally, Plaintiff has abandoned any claim for "economic damages" as stated in the Wherefore clause, on page 25 of its Complaint, because in its Response Plaintiff refers only to a claim for prospective injunctive or declaratory relief. Response, at 6-7, 14-15, and acknowledges that claims for money damages are barred by either the Eleventh Amendment or the doctrine of qualified immunity.

For the reasons stated above, the SAO is entitled to dismissal of this Section 1983 action. Although dismissal without prejudice is appropriate based on the Association's failure to demonstrate subject matter jurisdiction exists and its failure to state a plausible claim for relief, dismissal with prejudice is proper based on the application of the immunity doctrines, because even if given an opportunity to amend its pleading, the Association could not avoid those doctrines. The Association also will never be able to plausibly allege that it lacks an adequate remedy in state court for the alleged violation of its civil rights.

ASHLEY BROOKE MOODY
ATTORNEY GENERAL

MARTHA HURTADO
Martha Hurtado
Assistant Attorney General
Fla. Bar No: 103705
Martha.Hurtado@myfloridalegal.com

BARBARA JUNGE
Chief Assistant Attorney General
Fla. Bar. No. 993270
Barbara.Junge@myfloridalegal.com

OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Ft. Lauderdale, Florida 33301
Telephone:   954-712-4600
Facsimile:    954-527-3702

Attorneys for Defendant, State of Florida,
Office of the State Attorney, Eleventh
Judicial Circuit

## CERTIFICATE OF FILING

PURSUANT TO Rule 5(d)(1)(B) of the Federal Rules of Civil Procedure, Local Rule 5.1(b), S.D. Fla. L.R., and Section 3.K.(4) of the CM/ECF Administrative Procedures of the Southern District of Florida, I hereby certify that on September 30, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will generate a Notice of Electronic Filing to all counsel of record.

<u>Martha Hurtado</u>
MARTHA HURTADO
Assistant Attorney General