UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22051-KMM

HAMMOCKS COMMUNITY
ASSOCIATION, INC.,

    Plaintiff,
v.

STATE OF FLORIDA, OFFICE OF THE
STATE ATTORNEY, ELEVENTH
JUDICIAL CIRCUIT,

    Defendant.
                                     /

## ORDER ON MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant, the State of Florida, Office of the State Attorney, Eleventh Judicial Circuit ("Defendant")'s Motion to Dismiss. ("Mot.") (ECF No. 6). Plaintiff Hammocks Community Association, Inc. ("Plaintiff") filed a filed a Response in Opposition, (ECF No. 11), and Defendant filed a Reply, ("Reply") (ECF No. 14). The Motion is now ripe for review.

**I.    BACKGROUND[1]**

Plaintiff brings this suit pursuant to 18 U.S.C. § 1983 ("§ 1983") and names Defendant, the State of Florida, Office of the State Attorney, Eleventh Judicial Circuit, as the sole defendant in this matter. *See generally*, Compl. The Complaint alleges that Defendant violated Plaintiff's civil rights by issuing investigative subpoenas in violation of the Fourth amendment of the

---

[1] The following background facts are taken from the Complaint ("Compl.") (ECF No. 1) and are accepted as true for purposes of ruling on this Motion to Dismiss. *MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022).

constitution. *Id*. ¶¶ 111–117. Plaintiff seeks declaratory and injunctive relief based on the alleged civil rights violation. *Id*. ¶¶ 118–135.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

Defendant moves to dismiss the Complaint on several grounds: (1) the SAO is not a "person" subject to liability under § 1983; (2) the Court lacks jurisdiction according to the *Rooker-Feldman* doctrine; (3) Plaintiff's claims are barred by the *Younger* abstention doctrine; (4) Plaintiff's claims are barred by the Eleventh Amendment; and (5) Plaintiff fails to state a claim upon which relief can be granted. *See generally*, Mot. As discussed below, the Court agrees that this suit must be dismissed because Defendant is not a person subject to liability under § 1983. The Court accordingly declines to address Defendant's remaining arguments.

Plaintiff brings this suit against Defendant pursuant to § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute expressly only imposes liability on a "person" acting under color of state law. *Id.* The Supreme Court has held that neither states nor governmental entities acting as the "arms of the state" are considered a person within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Here, Defendant, the State of Florida, Office of the State Attorney, Eleventh Judicial Circuit, is a governmental entity acting as the arm of the state and therefore is not subject to liability under § 1983. Accordingly, the Court agrees that this action must be dismissed.

### IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that:

1) Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**.

2) Plaintiff has until January 10, 2023, to submit an amended complaint addressing the foregoing deficiencies.

3) The Clerk of Court is instructed to administratively close this case. All pending motions, if any, are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>3rd</u> day of January, 2023.

                                            K. MICHAEL MOORE
                                            UNITED STATES DISTRICT JUDGE

cc: All counsel of record